IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWAYNE MANNING, #16013-056,  \*
       Petitioner
                                         \*
   v.                                             CIVIL ACTION NO.  AW-05-2902
                                         \*
STEPHEN DEWALT
       Respondent                     \*
                                       \*\*\*\*\*\*

## **MEMORANDUM**

Petitioner is an inmate confined in the Federal Correctional Institution-Williamsburg, located in Salters, South Carolina.[1] He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has improperly refused to correct items in his Pre-Sentence Report. Paper No. 1.

The case now is before the Court on Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Paper No. 4. Petitioner has replied. Paper No. 6. No hearing is needed to resolve the issues raised in this case. Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by Respondent, treated as a motion to dismiss, will be granted.

Regarding the scope and nature of the instant proceeding, subject matter jurisdiction of a § 2241 habeas corpus petition lies in the federal district court where Petitioner is incarcerated or in the federal district court where Petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Petitioner is confined in Salters, South Carolina, and his custodian, who has day-to-day responsibility for his custody, is the warden at the Federal

---

[1]At the time the case was filed, Petitioner was incarcerated in the Federal Correctional Institution in Bennetsville, South Carolina. Paper No. 1.

Correctional Institution. Therefore, this Court finds that jurisdiction of the instant action lies in South Carolina, not in Maryland.

Additionally, to the extent the instant case can be construed as raising a claim under the Privacy Act of 1974, 5 U.S.C. § 552a, this Court is without jurisdiction to consider same. Title 5 U.S.C. § 552a(g)(5) provides that any such action "may be brought in the District Court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia....." Accordingly, any claim under the Privacy Act may be brought in the appropriate federal court in either South Carolina or the District of Columbia.

Because Petitioner does not clearly specify the basis of his claim and because he may pursue a claim under the Privacy Act in different jurisdictions, this Court will not transfer the petition to another federal court. Rather, the Petition will be dismissed without prejudice. A separate Order follows.

| April 6, 2006 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |